## Robert Fearn *v.* Charles Tiernan.

When a partnership has been once formed, no third person can be subsequently admitted into the firm, without the concurrence of all the original members.   One attempted to be admitted otherwise, becomes only the partner of him who attempts to admit him.

The publication in a newspaper by a third person, that he is a member of a commercial partnership, cannot be considered as an act emanating from any of the partners and giving credit to such person, unless knowledge of the publication be brought home to the partner sought to be charged.   To render the latter responsible for the acts of such third person, it must be proved that credit was given to the partner, and that he tacitly acquiesced therein.   Nor will the payment by the firm of acceptances by such third person made in their name, prove any thing against such partner, where it is shown that he was absent from the place of business of the firm until after its dissolution.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.   This was an action against Charles Tiernan, a·member of the commercial firm of Tiernan, Cuddy & Co., on a bill of exchange, alleged to have been accepted by the latter.   The acceptance was in the hand-writing of one Keyes.   The defendant denied that the acceptance was made by any member of the firm, or any one authorized to accept in their name.   The case turned upon the question whether Keyes was a partner.   The court below was of opinion, that the evidence did not establish that Keyes had been admitted as such to the knowledge of the defendant, and from a judgment in favor of the latter, the plaintiff has appealed.

*Anderson,* for the appellant.

*G. Strawbridge,* for the defendant. A member of a commercial firm cannot, without the consent and knowledge of his co-partners, admit a stranger into the partnership. Knowledge and acquiescence in the acts of the person so intended to be admitted as a partner must be clearly brought home to all the partners associated, in order to bind the firm. The approbation of the managing partner alone does not suffice. C. C. 2842. C. Nap, 1861. Poth. Contrat de Societé, No. 91 to 95. Gow on Partnership, 5. *Murray* v. *Bogert et al.,* 14 Johnson's Rep. 318. " *Socii mci socius, socius meus non est.*" Dig. Lib. 50, t. 17, l. 47. De Reg. Juris.

BULLARD, J. The plaintiff sues as holder of a bill of exchange accepted by Tiernan, Cuddy & Co., alleging that the firm, at the time of the acceptance, was composed of Luke Tiernan, Charles Tiernan, J. McGilly Cuddy, and Calvin Tate. In an amended petition he alleges that the acceptance of the bills was in the proper hand-writing of Washington Keyes, who, at that time, had full authority to do so, being either a partner, or an agent of said firm, duly authorized to make acceptances, and that he accepted either as partner or agent.

The acceptance of the bill by Keyes is not contested; and the question presented for our solution on the appeal is, whether Charles Tiernan, one of the partners who resided in Baltimore, be bound by the acceptance, or, in other words, whether Keyes was a partner, so far as it concerned the liability of Tiernan.

It is certain that Keyes was not originally a partner; and there is no direct and positive evidence that Charles Tiernan consented to his admission into the firm. It appears that he lived in North Alabama, published anonymously in a newspaper, that he was a partner of the house of Tiernan, Cuddy & Co., and transacted some business in the name of the house, and, among other transactions accepted the bill of exchange sued on. There was a general impression that he was a partner of the house.

It is too well settled to require any comment, that when a partnership is once formed, no third person can be afterwards admitted or introduced into the firm as a partner, without the concurrence of all the partners, who compose the original firm. The new partner becomes the partner of him alone who admitted him.

" *Qui admittitur socius, ei tantum socius est qui admisit ; et rec-te ; cum enim societas consensu contrahitur, socius mihi esse non potest quem ego socium esse nolui.*" ˙ Digest, Lib. 17, Tit. 2, 1, 19. Story on Partnership, 6. Pothier, Traité de Societé, 67, No. 91.

The consent then of Charles Tiernan, either express or implied, must be shown to the connection of Keyes with the house. It is not pretended that there was any express assent, but it is attempted to infer consent from several facts and circumstances ; among others it is said, that Keyes published to the world his association with the firm, and it was not contradicted by Charles Tiernan. To this it is answered, that the notice was at an obscure place in the interior of Alabama, was anonymous, and the paper is not shown to have been seen by Tiernan, who resided in Baltimore. Unless notice be brought home to Tiernan, this cannot be said to be an act emanating from him and giving credit to Keyes, which would bind him as a partner. Let us suppose that instead of proclaiming himself the partner of Tiernan, Cuddy & Co., he had given notice that he was associated in business with Charles Tiernan of Baltimore, alone, and in that manner had accepted bills ; surely those who dealt with him without further inquiry, could not render Tiernan accountable as a partner ; something must be shown to prove that credit had been given to Tiernan, and that he tacitly acquiesced in that course of business.

Other acceptances by Keyes, in the name of the firm, were paid by them in New Orleans ; but it is shown that Charles Tiernan never was here until after the house had failed. The payments were made by his partners, and prove nothing against him.

A letter was read in evidence from Keyes to Luke Tiernan & Son, in Baltimore, in which he appears to have *defined his position* in regard to the house of Tiernan, Cuddy & Co. He appears to write to them as strangers. He says : " My association, as you *perhaps* have been informed, with the house of Tiernan, Cuddy & Co., extended only to the business and cotton consignments from the States of Alabama and Tennessee. I was not to have an interest in or assume responsibilities for any other transactions, and in this to be protected from any loss or responsibility that would reduce my part of the profits or salary, which they agreed

to pay, below $3000 per annum." He goes on to complain that at the earnest request of the house in New Orleans, he had involved himself deeply, and applies for relief.

There is another letter from Keyes to Charles Tiernan, which appears to be an answer to one from the latter, of the 18th March, 1837. After excusing himself from returning to New Orleans, he continues : "Besides I do not consider myself a mutual partner in the house of Tiernan, Cuddy & Co., or at all interested in its profits or loss, or in any settlements between the partners of that firm, except only as a creditor of the house. It is now considerably my debtor. The partnership that existed between Tiernan, Cuddy & Co., and myself, was, as you must know, a very limited one, and by the agreement founded upon a contingency. This I presume will be seen by examining the article which also guaranties to me a salary of $3000 per annum ; &c."

It is further shown, that when Charles Tiernan afterwards sued to put an end to the partnership, he alleged as one ground that his partners had, without his consent, taken in Keyes as a partner in the firm.

Upon a view of the whole case we concur with the court below, that the plaintiff has not produced sufficient evidence of the consent of Tiernan, to render him liable.

*Judgment affirmed.*